UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

DONALD WILLIAMS,

                Plaintiff,

- against -

UNITED STATES DEPARTMENT OF HOUSING
& URBAN DEVELOPMENT, THE NEW YORK
CITY HOUSING AUTHORITY, NAVILLUS
CONTRACTING INC.,

                Defendants.

------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**08 CV 2804 (NGG)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff filed the instant *pro se* action on July 10, 2008. On October 30, 2008, plaintiff requested a 120-day extension of time to serve defendants. In an order dated November 13, 2008, the Court denied plaintiff's request, but allowed plaintiff until December 15, 2008 to effect service on defendants. The order warned plaintiff that if he did not serve defendants by December 15, 2008, the Court would dismiss his case pursuant to Fed. R. Civ. P. 4(m). On December 15, 2008 at 11:49 p.m., plaintiff moved again to extend time, to December 16, 2008, to serve defendant New York City Housing Authority ("NYCHA"). The motion stated that plaintiff served defendant Navillus Contracting Inc., but was unable to serve NYCHA in time because he was denied access to NYCHA's offices. The motion also stated "H.U.D. [Department of Housing and Urban Development] is not a party and does not need to be served."

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the
> complaint is filed, the court--on motion or on its own
> after notice to the plaintiff--must dismiss the action

without prejudice against that defendant or order that
service be made within a specified time. But if the
plaintiff shows good cause for the failure, the court
must extend the time for service for an appropriate
period.

Plaintiff has failed to timely serve defendants NYCHA and United States Department of Housing and Urban Development ("HUD").[1] Plaintiff has also failed to show good cause why service has not been made. Plaintiff's last-minute request for an extension of time is denied. See document 6. Plaintiff is not excused for his failure to serve defendants within the extended time set by the Court. Furthermore, plaintiff's motion states that he attempted to serve NYCHA himself, which is improper under Fed. R. Civ. P. 4(c)(2)(service must be made by "[a]ny person who is at least 18 years old and not a party"). Accordingly, it is respectfully recommended that the instant action should be dismissed against defendants NYCHA and HUD without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[2]

As it appears from the December 15, 2008 motion that plaintiff timely served defendant Navillus, the Court directs plaintiff's attention to Judge Garaufis' order dated December 3, 2008, see Williams v. New York City Housing Authority and Unitec Elevator Co., 06-cv-5473 (document 34):

---

[1] Although plaintiff states "H.U.D. is not a party," he named HUD as a defendant in his Amended Verified Complaint.

[2] The Court notes that plaintiff has six other actions pending before the Court: Williams v. United States Department of Housing and Urban Development, et al. (04-cv-03488); Williams v. City of New York, et al. (06-cv-06601); Williams v. United States Department of Housing and Urban Development, et al. (07-cv-00385); Williams v. United States Department of Housing & Urban Development, et al. (08-cv-02161); Williams v. The New York City Housing Authority, et al. (08-cv-02803); Williams v. United States Department of Housing & Urban Development, et al. (08-cv-02802). That plaintiff has a number of pending cases shall not constitute "good cause" for plaintiff's failure to timely effect service in this action.

2

"Plaintiff is warned that continued prosecution of frivolous claims, like a claim that Section 3 is privately enforceable or a claim pursuant to Section 1983 against a private actor where there are no indications of state action, may result in the imposition of sanctions." Id. at 9.

## CONCLUSION

The action against NYCHA and HUD should be dismissed without prejudice.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 22, 2008
Brooklyn, New York

3