UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DONALD WILLIAMS,

              Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, THE NEW YORK CITY
HOUSING AUTHORITY, NAVILLUS
CONTRACTING, INC., and MINORITY
CONTRACTORS, INC.,

              Defendants.
------------------------------------------------------------X

**ORDER**

08-cv-2804 (NGG)(LB)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Donald Williams filed this pro se action on July 10, 2008. (Docket Entry # 1.) By order dated July 21, 2008, Magistrate Judge Bloom directed Plaintiff to serve Defendants with the Summons and Complaint by November 7, 2008 or, absent a showing of good cause, she would recommend that the Complaint be dismissed without prejudice. (Docket Entry # 3.) On October 31, 2008, Plaintiff sought an extension of time to serve Defendants (Docket Entry # 4), and Magistrate Judge Bloom gave Plaintiff until December 15, 2008 (Docket Entry # 5). On December 15, 2008, at 11:49 pm, Plaintiff informed the court that he was able to serve Defendant Navillus Contracting, Inc. ("Navillus"), but was unable to timely serve the New York City Housing Authority.[1] (Docket Entry # 6.) He asked for a further extension. (Id.)

      On December 23, 2008, Magistrate Judge Bloom issued a Report and Recommendation recommending dismissal without prejudice of the New York City Housing Authority and the

---

[1] The document attached to Plaintiff's submission relates to a company called "Navillus Minority Contractors, Inc." (See Docket Entry # 6.) Plaintiff also indicated that the United States Department of Housing and Urban Development ("HUD") was not a party to the action.

1

United States Department of Housing and Urban Development ("HUD"), pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve. (Docket Entry # 8.) On January 20, 2009, after an extension, Plaintiff filed his Objection to the Report and Recommendation, arguing that he could not serve the New York City Housing Authority on December 15, 2008 because he and a third party (who was apparently the process server) were denied access to the Housing Authority's building by security on that day. (Docket Entries ## 13, 14.) He states that he effected service on December 16, 2008. (Id.) The Summons returned and filed with the court confirms that Navillus was served on December 15, 2008, and that the New York City Housing Authority was served on December 16, 2008. (See Docket Entry # 16.)

The court denies the objection and adopts the Report and Recommendation of Magistrate Judge Bloom. On July 10, 2008, Plaintiff filed at least three separate complaints naming the New York City Housing Authority as a defendant. See also Williams v. The New York City Housing Authority, et al., No. 08-cv-2802 (NGG)(LB); Williams v. The New York City Housing Authority, et al., No. 08-cv-2803 (NGG)(LB). Magistrate Judge Bloom set out a schedule for Plaintiff to serve these complaints, giving Plaintiff 120 days under Federal Rule of Civil Procedure 4(m). In this action, Magistrate Judge Bloom also granted Plaintiff an additional 30 days for service. (See Docket Entry # 4.) Plaintiff failed to meet the extended deadline.

Plaintiff can avoid dismissal under Rule 4(m) upon a showing of "good cause" for failing to effect proper service. "Two factors are considered to determine whether good cause exists: (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." Lab Crafters, Inc. v. Flow Safe, Inc., 233 F.R.D. 282, 284 (E.D.N.Y. 2005) (citing Blessinger v. United States, 174 F.R.D. 29, 31 (E.D.N.Y. 1997)). Failure to show reasonableness and diligence is sufficient to preclude a finding of good cause.

2

See id. at 285 (dismissing for failure to serve even absent any prejudice from the delay); Micciche v. Kemper Nat'l Servs., 560 F. Supp. 2d 204, 210 (E.D.N.Y. 2008) (addressing failure to show good cause separately from prejudice). Here, there has not been a showing of reasonable and diligent efforts to serve. In spite of the 120 days provided for service, and an additional 30-day extension, Plaintiff asserts only that he and his process server were denied access to Defendant's building on the last day on which service could be made. No other attempts to serve are mentioned. This one attempt, on the last day of an extended deadline, can hardly be considered reasonable and diligent.

Moreover, although the court retains discretion to excuse failure to timely serve even without a showing of good cause, id. at 209 (quoting Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007)), the court declines to do so here. As the Magistrate Judge noted in her Report and Recommendation, Plaintiff has six other actions pending before the court which name the New York City Housing Authority as a defendant. (See Report and Recommendation, at 2 n.2.) These actions relate to the same basic alleged conduct and similar claims—that Plaintiff was not hired for work at the Arverne Public Housing Project in New York City. (See Complaint (Docket Entry # 1); see also Williams v. United States Dep't of Housing & Urban Dev., No. 08-cv-2161 (NGG)(LB), Docket Entry # 4; Williams v. United States Dep't of Housing & Urban Dev., No. 07-cv-0385 (ILG)(SMG), Docket Entry #1.) The court has already ordered two such cases dismissed for failure to state a claim. (See Williams v. New York City Housing Auth., No. 04-cv-3488 (NGG)(RLM), Docket Entry # 22; Williams v. New York City Housing Auth., No. 06-cv-5473 (NGG)(LB), Docket Entry # 34.) In other words, Plaintiff will not be denied his day in court on his claims against the New York City Housing Authority should the court decline to extend the service deadline in this case. To the contrary, such an

3

extension would only further what appears to be a vexatious pattern of filing complaints on the same matter. In these circumstances, the court will not exercise favorable discretion to excuse failure to comply with the service requirement of Rule 4(m).

Adopting the Report and Recommendation of Magistrate Judge Bloom, the court dismisses without prejudice Plaintiff's Complaint against the New York City Housing Authority and HUD.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 1?, 2009

NICHOLAS G. GARAUFIS
United States District Judge